*Brinkerhoff, J.
The action in the common pleas was-against Wilson, the administrator with the will annexed of John Rhea, deceased, and the surviving surety, on his bond as such administrator, for the recovery of a fund of over thirteen hundred dollars remaining in his hands for distribution on the final settlement of his account as such administrator. The plaintiffs are the devisees of this fund under the will. And at the time when this-final settlemant was made, and it became his duty as administrator to distribute the fund to the heirs of the devisees, they were infants, and he was the duly appointed guardian of their persons and property. He, not denying the receipt by him of the fund in his character as administrator, sets up, by answer in defense of' the action, that he holds it as guardian and not as administrator; and so contests his liability on his bond as administrator. And being, at the time of the receipt of the fund, both administrator- and guardian, the question on which the case turns is, in which of these two capacities does he now hold it?
It is true genei’ally, that where a party acting in a double capacity is possessed of a fund in one capacity which it is his duty (so to-speak) to transfer to himself in another, such transfer will in law; be presumed. But this legal presumption may be rebutted It is-a kind of legal fiction; and is so denominated by the court in Collard’s Administrator v. Donaldson, 17 Ohio, 264; and legal fictions have vitality and effect to promote the ends of justice, but. not to thwart them.
Wilson was not required to go through any such foolish formality *145 as taking the fund which he held as administrator from one pocket; and putting it into another as guardian; but there were other and1 more sensible ways of indicating the capacity in which he regarded himself as holding the fund. He might legitimately have-charged himself with it in his account as guardian, and credited-himself with having made payment of it to the guardian in his account as administrator. But he did just the contrary to this. He refrained from charging himself with it as guardian, and thus, it would seem, prevented its forming any element of recovery against him in the former action against him and his sureties on his bond- as guardian.
*He received and receipted for it as administrator; he charged himself with it as administrator in his account as such; he never credited himself in his account as administrator with any transfer of it to himself as guardian ; and in his account as guardian he never charged himself with it, nor revealed his claim to be holding it as guardian until after the commencement and in the-progress of this action.
We are of opinion that these unequivocal manifestations of intention on the part of the principal defendant, Wilson, effectually rebut the legal presumption which his counsel invoke in his behalf; estop him to deny that he holds the fund in his capacity as administrator.; and that the district court erred in giving judgment for the defendants and in refusing to grant a new trial.
Judgment reversed, and cause remanded to district court.
Hay, C. J., and White, Welch, and Scott, JJ., concurred.